NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN JOHNSON JR., | No. C 09-05032 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a California inmate at the Deuel Vocational Institution in Tracy, filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 4.) Plaintiff will be granted leave to proceed in forma pauperis in a separate written order. For the foregoing reasons, the Court will dismiss the complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Johnson05032_dwlta.wpd
1

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff's statement of claim contains allegations challenging the lawfulness of his state conviction for his failure to register as a sex offender, including claims that his defense attorney was under the influence and that his criminal records were falsified. (Compl. at 3.) Plaintiff seeks "immediate release from prison" without parole or probation, and "an examination of all sex offender records and past criminal records as there seems to be a conspiracy [by law enforcement officials] to ensure that all sex offenders are incarcerated as long as possible." (Id. at 4.)

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. See id. Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the claims

1  challenging the fact of Plaintiff's confinement are dismissed without prejudice.  Plaintiff
2  may seek habeas relief by filing, as a separate action, a petition for a writ of habeas
3  corpus under 28 U.S.C. § 2254.
4       The attachments to the complaint include an exhausted inmate appeal seeking
5  accommodations and medical care for serious physical ailments.  (Compl. Attach.
6  "Director's Level Appeal Decision," July 13, 2009.)  Plaintiff makes reference to this
7  appeal solely with respect to the exhaustion of administrative remedies while failing to set
8  forth his claims or specific facts in support thereof.  (Compl. at 2.)  Accordingly, Plaintiff
9  will be given leave to amend the complaint to state facts sufficient to state a claim under §
10 1983, challenging the conditions of his confinement.  Plaintiff must also state the specific
11 relief he seeks.
12      Plaintiff's complaint is also deficient because he fails to state facts sufficient to
13 state a claim against each named defendant.  Liability may be imposed on an individual
14 defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately
15 caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628,
16 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A
17 person deprives another of a constitutional right within the meaning of section 1983 if he
18 does an affirmative act, participates in another's affirmative act or omits to perform an act
19 which he is legally required to do, that causes the deprivation of which the plaintiff
20 complains.  See Leer, 844 F.2d at 633.  In filing an amended complaint, Plaintiff should
21 bear in mind that he must "set forth specific facts as to each individual defendant's"
22 actions which he contends violated his constitutional rights.  Id. at 634.

## CONCLUSION

25     1.     The complaint is DISMISSED with leave to amend within **thirty (30) days**
26 from the date this order is filed to cure the deficiencies described above.  The amended
27 complaint must include the caption and civil case number used in this order (09-05032 JF
28 (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

1  amended complaint completely replaces the previous complaints, Plaintiff must include in
2  his amended complaint all the claims he wishes to present and all of the defendants he
3  wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff
4  may not incorporate material from the prior complaint by reference.  **Failure to file an**
5  **amended complaint in accordance with this order will result in dismissal of this**
6  **action without further notice to Plaintiff.**
7       2.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
8  keep the Court informed of any change of address by filing a separate paper with the clerk
9  headed "Notice of Change of Address."  He must comply with the Court's orders in a
10 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
11 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
12      The Clerk shall enclose two copies of the court's form complaint and two copies of
13 the court's form petition with a copy of this order to Plaintiff.
14      IT IS SO ORDERED.
15 DATED:  2/26/10
                                                JEREMY FOGEL
16                                              United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Johnson05032_dwlta.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHERMAN JOHNSON JR,

        Plaintiff,

  v.

STATE OF CALIFORNIA, et al.,

        Defendants.

Case Number: CV09-05032 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/9/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sherman Johnson F-63133
Deuel Vocational Institution
P.O. Box 600
DVI-J-Wing #116
Tracy, CA 95378

Dated: 3/9/10

                                                          Richard W. Wieking, Clerk