NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN JOHNSON JR., ) | No. C 09-05032 JF (PR) |
| Plaintiff, ) | |
| ) | ORDER OF DISMISSAL OF FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. ) | |
| ) | |
| STATE OF CALIFORNIA, et al., ) | |
| Defendants. ) | |

Plaintiff, a California inmate at the Deuel Vocational Institution in Tracy, filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983.  (Docket No. 4.)  The Court dismissed the original complaint with leave to amend.  (See Docket No. 9.)  For the foregoing reasons, the Court will dismiss the first amended complaint, (Docket No. 12), with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Johnson05032_dwlta2.wpd         1

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

The Court's order of dismissal noted that the attachments to the original complaint included an exhausted inmate appeal seeking accommodations and medical care for serious physical ailments. (See Docket No. 9 at 3)(Compl. Attach. "Director's Level Appeal Decision," July 13, 2009). Plaintiff made reference to this appeal solely with respect to the exhaustion of administrative remedies while failing to set forth his claims or specific facts in support thereof. (Compl. at 2.) Plaintiff was given leave to amend the complaint to state facts sufficient to state a claim under § 1983, challenging the conditions of his confinement, and to state the specific relief he seeks.

In the amended complaint, plaintiff states generally that "[e]ach of these defendants acted with deliberate indifference and cruel and unusual punishment, violation of equal protection laws, to a serious medical need, which resulted in inadequate medical care which caused malnutrition and renal failure and to which these prison officials and doctors were deliberately indifferent to the violations of cruel and unusual punishment." (Am. Compl. at 5.) Plaintiff provides a list of defendants' names and a date next to each name, alleging that "[a]ll of the above have acted in concert to deprive the plaintiff of adequate medical care under the [Fourteenth Amendment] and the plaintiff has suffered cruel and unusual punishment under the (8th) Amendment by discrimination, racism,

1  prejudice and baisness [*sic*] and depriving him/me of adequate medical care and causing
2  malnutrition and renal failure and damage to the plaintiff's eyes also." (Id. at 6.)
3        Plaintiff's amended complaint is deficient because he fails to state facts sufficient
4  to state a claim against each named defendant. Liability may be imposed on an individual
5  defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately
6  caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628,
7  634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A
8  person deprives another of a constitutional right within the meaning of section 1983 if he
9  does an affirmative act, participates in another's affirmative act or omits to perform an act
10 which he is legally required to do, that causes the deprivation of which the plaintiff
11 complains. See Leer, 844 F.2d at 633. In filing an amended complaint, Plaintiff should
12 bear in mind that he must "set forth *specific facts as to each individual defendant's*"
13 actions which he contends violated his constitutional rights. Id. at 634 (ital. added). A
14 list of names and dates followed by a general allegation of wrongdoing is simply
15 insufficient; Plaintiff must allege how each defendant specifically acted or failed to act on
16 each alleged date to cause a deprivation of his constitutional rights. Furthermore,
17 Plaintiff is advised that he must show that he administratively exhausted his claims
18 through the prison grievance procedures. Accordingly, Plaintiff is directed to use the
19 court's form complaint to file a second amended complaint, which provides a section to
20 show the exhaustion of administrative remedies.
21
22                       **CONCLUSION**
23   1.    The first amended complaint is DISMISSED with leave to amend within
24 **thirty (30) days** from the date this order is filed to cure the deficiencies described above.
25 The second amended complaint must include the caption and civil case number used in
26 this order (09-05032 JF (PR)) and the words SECOND AMENDED COMPLAINT on the
27 first page. Because an amended complaint completely replaces the previous complaints,
28 Plaintiff must include in his second amended complaint all the claims he wishes to

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Johnson05032_dwlta2.wpd     3

present and all of the defendants he wishes to sue.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original or first amended complaints by reference.  **Failure to file a second amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: 9/22/10

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Johnson05032_dwlta2.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


SHERMAN JOHNSON JR.,

        Plaintiff,

  v.

STATE OF CALIFORNIA, et al.,

        Defendants.
                                          /

Case Number: CV09-05032 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  9/29/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Sherman Johnson F-63133
Deuel Vocational Institution
P.O. Box 600
DVI-J-Wing #116
Tracy, CA 95378


Dated:  9/29/10

                                                  Richard W. Wieking, Clerk